Arthur S. Hirsch, ¡J.
This is a motion by petitioners to compel the City of New York to advise the State of New York that the fees of the arbitrator and the fees of the law firm which represented petitioners at the arbitration are to be included in the “total actual final .cost ” of a housing project known as Trump Village, or in the alternative, modifying an order of this court confirming an arbitration award to require the .same action. The arbitration hearing was held to determine the reasonable *639 ness of legal fees charged by petitioners in their representation of Shore Redevelopment Corp., the redeveloper on the project. The city opposes the motion and cross-moves to dismiss the petition as a matter of law. Trump Village Section HI, Inc. and Trump Village Section IV, Inc., two of the four companies involved in redevelopment, having been given leave to intervene by the court, join in the city’s request for dismissal of the motion.
The resolution of this question rests upon the interpretation of article I, section 101(e)(1) of the agreement in this matter which reads: “ (e) ‘ Total actual final cost ’ shall mean the aggregate of the following: (1) The cost of the lands and improvements constituting the project including, without limitation, the cost of acquiring the blocks and lots included in the area, together with the buildings thereon, the cost of title insurance and examinations, the cost of tenant relocation, demolition and clearance, the cost of the construction on said Area of the Project in accordance with the Redevelopment Plan, all legal and. brokerage expenses, fees and commissions, and all costs and expenses incurred in the performance of all covenants, including covenants of indemnity, contain herein ”.
Petitioners contend that their attorneys’ fee for representing them in the arbitration proceeding is a proper legal expense under the above section and should be paid out of the acquisition fund remaining in the hands of the State. The City and Trump HE and IV say that petitioners’ attorneys’ fee is not within the purview of the foregoing section of the contract and said fee should be paid by petitioners. Further, they stress that the arbitrator himself rightly decided that the city and petitioners should split the arbitrator’s fee rather than the fee being paid under the contract.
It is the opinion of this court that the legal fee of the attorneys for petitioners and the fee of the arbitrator are not properly included within section 101(e) (1) and should not be paid out of the fund remaining in the hands of the State.
The language of the pertinent section is clear. The only legal fees envisioned in the contract are those for services rendered directly for the redevelopment company (Shore) or others in connection with acquisition, construction, relocation, and/or demolition activities. In this connection it is to be noted that while attorneys for petitioners submitted their bill to Shore, Shore was not actually represented at the arbitration hearing and the services rendered by the attorneys for petitioners in no way benefited Shore, the redeveloper. The fact is that the *640 attorneys represented petitioners exclusively and petitioners were the only ones to benefit from this representation. Shore Redevelopment did not benefit in any manner and more importantly, the public interest was not served in any manner by the services rendered by the attorneys for petitioners. Therefore, to claim that the section in question encompasses the attorneys for petitioners’ legal fees, an award of “ legal fees upon legal fees ”, distorts the clause in the contract beyond reason. If the attorneys for petitioners had decided to retain another firm to represent them in their attempt to secure fees for representing petitioners, would this third law firm’s fees be considered as part of “ total actual final cost ”? If petitioners ’ interpretation were to be adopted, it would not only permit iShore to secure from the State litigation expenses for petitioners, but also for any person performing work for Shore (plumbers, carpenters, etc.) where said contractors had a determination made that their fees were unreasonable and were forced to hire legal counsel to secure their fees. Common sense, as well as legal interpretation, indicates the absurdity of such a conclusion. There is no question that the fees involved here were incurred “ on behalf of the petitioners ” as is actually stated in an affidavit of the attorneys for petitioners in support of the petition.
In interpreting the language of this contract, the court takes note of the well-established rule of construction in the law of contracts that contracts affecting the public interest are to be construed in the manner most f avorable to the public. As stated in Corbin, Contracts (vol. 3, .§ 550): “ reasons of public policy require the court to give to a contract that legal operation that is of public advantage, when a choice between that and a less advantageous operation is reasonably open.” Thus, in the case of New Haven Water Co. v. City of New Haven (106 Conn. 562, 578), although a city promised to pay 11 Any [emphasis added] franchise or other fax ’ ’, the court ruled that this did not include subsequently imposed Federal taxes .since the language in question should be construed to protect the public interest. The question of the public interest is vitally involved in the determination of this issue. Not only does it go to the legal interpretation of the contract, but it is to he assumed that the sum involved, the major portion of which will go to the intervenors, will be used to further the purposes for which this entire project was initiated, i.e., to provide decent middle income housing. . In their papers the intervening parties state, under oath, that these moneys are needed if an attempt is to be made to *641 prevent an increase in the tenants’ charges at the interveners’ buildings.
The apportionment of the arbitrator’s fees by Honorable Bernard Botein, the arbitrator, lends further weight in opposition to petitioners’ contention. Although empowered to direct the arbitrator’s payment as he saw fit under section 7 of the arbitration agreement, Judge Botein provided that his fee be paid equally by the city and the petitioners. It is of great significance that the Judge did not feel that his fee should be considered part of the “ total actual final cost” of the project in question, although in fact, the services performed by him could have been more reasonably included than the legal fees charged by the attorneys for petitioners.
In arriving at this decision, the court does not ignore petitioners’ emphasis upon the reasonableness of their fees. This, however, is not the true question. Reasonable or not, these fees are not properly includable as an item of “ total actual final cost ”. They are remote from the language and intéht of the contract. In addition, to allow such fees under the contract would contradict the judicial principle that attorneys’ fees are not recoverable in an action for breach of contract, which is actually what is involved here, albeit procedurally accomplished by arbitration (see Doyle v. Allstate Ins. Co., 1 N Y 2d 439).
The court does not find it necessary to deal with the question of the use of an article 78 proceeding, the question of res judicata? or the procedural problems involved in modifying, vacating or appealing the prior decision affirming the arbitration. Since petitioners’ argument does not hold true substantively, it is not necessary to go beyond the resolution of that question and to deal with possible alternative modes of procedure which petitioner may have used.
Accordingly, petitioners’ motion is denied and respondents’ cross motion is granted and the petition dismissed.